UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSEPH VAN DAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:22-cv-00033-JAW |
| | ) | |
| MAINE STATE PRISON, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in the custody of the Maine Department of Corrections and assigned to the Maine State Prison, asks the Court to order Defendant to return Plaintiff to a mental health unit located at the prison. (Complaint, ECF No. 1.) Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). After a review pursuant to 28 U.S.C. § 1915A, I recommend the Court dismiss Plaintiff's complaint without prejudice.

### DISCUSSION

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

1

(1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

Plaintiff alleges that he has been diagnosed with bipolar disorder and schizoaffective disorder and that he was previously assigned to the intensive mental health unit located at the prison. He asserts he is not currently receiving proper medical treatment and seeks to return

.
.
.

to the intensive mental health unit. Plaintiff thus alleges that Defendant has failed to provide adequate medical care.

Plaintiff's complaint arguably could be construed as an attempt to assert a federal claim pursuant to 42 U.S.C. § 1983 for a violation of a constitutional right. The Eighth Amendment prohibition on cruel and usual punishments governs prisoners' treatment after conviction. "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted). To establish constitutional liability, a plaintiff must satisfy an objective standard by showing he or she was "incarcerated under conditions posing a substantial risk of serious harm," and a plaintiff must satisfy a subjective standard by showing that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834).

The objective standard evaluates the seriousness of the risk of harm. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)). The subjective standard concerns the culpability of the defendant. Deliberate

indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Plaintiff has not satisfied either the objective or subjective standard. The Constitution does not generally entitle a prisoner to a particular housing assignment. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not "guarantee that the convicted prisoner will be placed in any particular prison, if, as is likely, the State has more than one correctional institution"). Plaintiff's allegation that he is not receiving "proper medical treatment" is a conclusory statement that lacks any facts to support his contention that he is incarcerated under conditions that would pose a substantial risk of serious harm to him. For instance, he has not described the treatment he is receiving, explained how the treatment differs from the treatment he received while assigned to the intensive mental health unit, or set forth the facts he believes support his contention that he should be assigned to the intensive mental health unit. He also has not alleged any facts that would support a finding that prison officials are aware of his current need for the treatment provided in the intensive mental health unit. Because Plaintiff has not alleged enough facts to support a claim of deliberate indifference to his serious medical needs, dismissal is appropriate.

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. 1915A, unless within the time for filing objections to this recommended decision Plaintiff amends his complaint to address the shortcomings identified herein, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of February, 2022.